FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BELINDA ROBERTSON,

　　Plaintiff - Appellant,

v.

CALE ROBERTSON,

　　Defendant - Appellee.

No. 26-2082
(D.C. No. 2:26-CV-00888-MIS-GBW)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Belinda Robertson, proceeding pro se,[1] appeals the dismissal of her 42 U.S.C. § 1983 suit against her ex-husband Cale Robertson for failing to plausibly allege that he acted under color of state law. On appeal, Belinda asks us to review the district court's dismissal order, but she never explains why the

---

[*] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially help decide this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value, consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Robertson proceeds pro se, we liberally construe her arguments but do not act as her advocate. _See Greer v. Moon_, 83 F.4th 1283, 1292 (10th Cir. 2023).

court's reasons for dismissing her case were wrong. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### I.    Factual Background

In November 2025, Belinda Robertson's ex-husband Cale Robertson sued her in New Mexico state court. According to Belinda, Cale conspired with an attorney, a doctor, and a forensic expert to defraud her and launder money during this case and other state court proceedings. Belinda also claimed, among other things, that Cale harassed her, intentionally spoliated evidence, made false statements about her, and perjured himself during these cases.

### II.    Procedural History

In March 2026, Belinda sued Cale in federal district court in New Mexico. She claimed that he violated her First and Fourteenth Amendment rights, and that he also conspired with others to violate her Fourteenth Amendment rights. Because Cale was once accepted to attend the New Mexico State Police Academy, she alleged that he acted under color of state law. She also claimed that Cale conspired with an attorney to violate her Fourteenth Amendment rights. Finally, Belinda also claimed that Cale had violated the New Mexico Civil Rights Act, intentionally spoliated evidence, committed fraud, abused the judicial process, and defamed her. She sought compensatory and punitive damages.

2

Also in March 2026, Belinda filed a notice removing a separate case that Cale had brought against her in a New Mexico state court. That case concerns the same issues as this one.

The district court dismissed Belinda's claims. *Robertson v. Robertson*, No. 26-cv-00888, 2026 WL 1183017, at *1–3 (D.N.M. Apr. 30, 2026). It held that she did not show that Cale was acting under color of state law and did not allege specific facts showing that Cale conspired with state officials to "deprive [Belinda] of her constitutional rights and acted in concert to advance that goal." *Id.* at *1. After dismissing the 42 U.S.C. § 1983 claims, the court declined to exercise supplemental jurisdiction over her state-law claims and dismissed them, too. *Id.* at *2. The court also remanded the removed state-court case because (1) the court lacked subject-matter jurisdiction and (2) Belinda had not filed the notice of removal within thirty days of receiving the state-court complaint. *Id.* The court entered final judgement the same day. Belinda timely appealed.

## STANDARD OF REVIEW

We review de novo the district court's sua sponte dismissal of a pro se complaint for failure to state a claim upon which relief can be granted. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009); 28 U.S.C. § 1915(e)(2). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Hardy*

3

*v. Rabie*, 147 F.4th 1156, 1162 (10th Cir. 2025) (citation omitted). "To state a claim, the plaintiff's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1163 (citation modified).

## DISCUSSION

Belinda asks us to review the district judge's basis for dismissal and remand. She also wants us to report her allegations to various federal officials, including "FBI Director Kash Patel, and Secretary of Defense Pete Hegseth," because "Americans need[] to be Protected." Open. Br. at 5.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). Belinda fails in this task. She does not provide a reasoned legal argument that the district court erred by dismissing her claims.

Belinda's opening brief identifies two issues with the district court's opinion. First, she claims that the district court failed to consider evidence that her civil rights had been violated and that Cale and his alleged co-conspirators had abused their authority and committed fraud. Second, she claims that the district court erred in remanding the state court case because her claim that Cale "violated the laws of [New Mexico] . . . is a Reason to Move to a Federal Jurisdiction." Open. Br. at 5.

As we have explained, "[r]ecitation of a tale of apparent injustice may assist" in showing that the district court's decision was wrong, "but it cannot substitute for legal argument." *Nixon*, 784 F.3d at 1364. Belinda's brief doesn't

4

argue that the court was wrong to dismiss her case for failure to state a claim upon which relief can be granted. "Section 1983 provides a cause of action for violations of federal rights by a person or entity acting under color of state law." *Timken v. S. Denver Cardiology Assocs., P.C.*, 155 F.4th 1227, 1233 (10th Cir. 2025). And in her amended complaint, Belinda fails to plausibly allege that Cale Robertson acted under color of state law. So we affirm the district court.

And while Belinda claims the district court erred in remanding the state-court case, "we have jurisdiction to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the 'except' clause of [28 U.S.C.] § 1447(d) gives us jurisdiction" because the case was removed under 28 U.S.C. §§ 1442 or 1443. *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006). Neither condition is met here. The district court remanded the case because Belinda failed to show that the district court had subject-matter jurisdiction *and* because she did not timely file for removal. *Robertson*, 2026 WL 1183017, at *3. And Belinda's notice of removal invokes 28 U.S.C. §§ 1441(a) and 1446, not 1442 or 1443, as the basis for removal. Nor do Robertson's allegations support removal under § 1442, which permits removal of certain cases involving federal officers and agencies, or § 1443, which permits removal of certain civil-rights cases.

5

Belinda also asks us to appoint counsel in her appeal. But "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) (quoting 28 U.S.C. § 1915(e)(1)). When deciding whether to make this request, "we consider the merits of the claims, the nature of the claims, [the party's] ability to present the claims, and the complexity of the issues." *Id.* at 397; *see Moaz v. Denv. Int'l Airport*, 747 F. App'x 708, 712 (10th Cir. 2018) (applying the same standard to a motion to appoint counsel in an appeal). Because Belinda fails to make a reasoned legal argument showing why the district court erred in dismissing her suit, her case fails to meet this standard.

Finally, Belinda seeks electronic-filing privileges. Because we have resolved her appeal, we deny her motion as moot.

## CONCLUSION

We affirm the district court, deny the motion for appointment of counsel, and deny as moot the motion for electronic-filing privileges.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6